IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODORE P. HOUDE (#N93591), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 8572 |
| ) | |
| JOHN J. BOYD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Theodore P. Houde ("Houde"), a prisoner currently incarcerated at Big Muddy River Correctional Center, brings this pro se civil rights action pursuant to 28 U.S.C. § 1983 ("Section 1983"). Houde alleges that defendants (the Kankakee County States Attorney and Kankakee County Assistant States Attorneys) failed to conduct a proper evaluation of Houde, given that his past criminal history included sexual offenses against children. This Court expresses no opinion as to the merits of Houde's case, for this judicial district is clearly not a proper venue for this action -- a flaw that brings 28 U.S.C. § 1406(a) into play.

Under 28 U.S.C. § 1391(b) a Section 1983 action may be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." But here the events giving rise to Houde's case are

alleged to have taken place in Kankakee County, which is in the Central District of Illinois, Urbana Division (see 28 U.S.C. § 93(b)) rather than this Northern District of Illinois. Moreover, it seems certain that all defendants reside in that same Central District. Hence venue does not lie in this judicial district but rather in the Central District.

### Conclusion

Accordingly, in the interests of justice this Court transfers this action pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Central District of Illinois, Urbana Division for imposition of an initial filing fee and whatever other action the transferee court deems appropriate. No summons shall be issued by the Clerk of Court in that district unless the transferee court so directs.

_____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  October 1, 2015